UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T. M. MARTENY,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.

CASE NO. C06-649 JCC-MJB

REPORT AND RECOMMENDATION

Plaintiff T. M. Marteny, a minor, appeals to the District Court for review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") seeking reinstatement of his disability benefits under the Social Security Act ("SSA" ), as amended 42 U.S.C. § 1383c(c). For the reasons set forth below, it is recommended that the Commissioner's decision be REVERSED and REMANDED.

## I.  PROCEDURAL HISTORY

The plaintiff was originally found disabled on March 26, 1994, with a date of onset as December 1, 1993. Tr. 481. In 1997, a continuing disability review determined that T. M.'s primary diagnosis was borderline intellectual functioning with a secondary attention deficit/concentration disorder. Tr. 471. Plaintiff's father timely appealed a Disability Hearing Officer's unfavorable decision affirming the cessation of T. M.'s benefits as of July 1, 2001. Tr. 124. On May 2, 2003, Administrative Law Judge ("ALJ") Edward P. Nichols found that

---

[1] Defendant substituted pursuant to F.R.C.P. 25(d)(1) and 42 U.S.C. § 405(g). Michael J. Astrue became Commissioner of Social Security on February 12, 2007.

REPORT AND RECOMMENDATION
Page -1-

1  T. M.'s disability had ceased as of July 1, 2001. Tr. 28-36. After an appeal to this district court,
2  the case was reversed and remanded by stipulation on March 12, 2004.[2] Tr. 483. The order
3  contained the following directive language, "The ALJ will address *all* medical opinions of record,
4  including reconsideration and specific address [sic] of the opinions of Drs. Pauli and Mashburn,
5  and will obtain Plaintiff's counseling and psychiatric records from Catholic Community
6  Services." Tr. 483-84 (Emphasis added).

7  On April 8, 2004, the Appeals Council issued an Order of Remand, which directed the
8  ALJ to: 1) obtain additional evidence concerning the plaintiff's mental condition and learning
9  disabilities, including medical records noted in the order and updated school records; 2) further
10 evaluate the plaintiff's mental and learning impairments under the technique described in 20
11 C.F.R. § 416.920a, providing specific findings and appropriate rationale for each of the
12 functional areas described in 20 C.F.R. § 416.920a(c); 3) further consider under the criteria of 20
13 C.F.R. § 416.994a, whether the plaintiff's childhood disability continues or ends for the period at
14 issue beginning July 2001; and 4) if necessary, obtain evidence from a medical expert to clarify
15 mental diagnoses and the nature and severity of the plaintiff's impairments (20 C.F.R. §
16 416.927(f); SSR 96-6p). A second hearing before ALJ Verrell Dethloff was held on October 25,
17 2005. Tr. 471-482. He found that the plaintiff did not have a continuing disability as defined
18 under the SSA. Tr. 482.

19                            II.  THE PARTIES' POSITIONS

20  Plaintiff requests that the Court reverse the Commissioner's decision and remand for
21 further proceedings. Plaintiff argues various issues within two broad categories: (1) failing to
22 obtain testimony from a medical expert to clarify the plaintiff's diagnoses and the severity of
23 Plaintiff's mental impairments, and (2) failing to properly consider and evaluate all the evidence
24 of Plaintiff's mental impairments pursuant to 20 C.F.R. § 416.920.[3] Dkt. #16 at 15, 20. The

---

[2] Case No. C03-2660-RSL.

[3] Plaintiff set out the following claims of error, but they appear subsumed in the broader categories: 1) failing to adhere to the Appeal's Council's instructions upon remand, 2) failing to fully and fairly develop the record, 3) failing to obtain medical evidence from a current

REPORT AND RECOMMENDATION
Page -2-

1  Commissioner argues that the ALJ's decision is supported by substantial evidence and is free of
2  legal error and should be affirmed.

## III.  STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## IV.  EVALUATING DISABILITY

The SSA final rules established a sequential evaluation process for determining disability for children. In 1996, the Personal Responsibility and Work Opportunity Reconciliation Act (1996 Act) was passed, thereby changing the eligibility standard for children. 42 U.S.C. § 1383c(c). The law applies to all claims filed after August 22, 1996. *Jamerson v. Chater*, 112 F.3d 1064, 1065 n.1 (9th Cir. 1997). The new three-step process requires a child claimant to show: (1) that he was not engaged in substantial gainful activity, (2) that he had a "severe" impairment or combination of impairments, and (3) that his impairments met, medically equaled, or functionally equaled the severity of an impairment in the listings. 20 C.F.R. § 416.924.

Children applying for benefits must show that their impairment or combination of impairments caused "marked and severe functional limitations" in order to be found disabled. 20 C.F.R. § 416.906. "Marked and severe functional limitations" are levels of severity that meet, medically equal, or functionally equal the severity of a listing. 20 C.F.R. § 416. 924(d); 20 C.F.R. § 416.902. A child's functional limitations will be evaluated in six domains: (1) acquiring

---

consultative evaluation, 4) failing to obtain any medical expert testimony, 5) failing to give the plaintiff due process by improperly denying the requests for a supplemental hearing or consultative testing. Dkt. #16 at 15.

REPORT AND RECOMMENDATION
Page -3-

and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself or himself; and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A medically determinable impairment or combination of impairments functionally equal a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 926a(d). A marked limitation exists when an impairment seriously interferes with the ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2).

Once a finding of disability is made, there is a presumption of continuing disability and the Commissioner bears the burden of producing evidence of medical improvement to rebut the presumption. *Murray v. Heckler*, 722 F.2d. 499 (9th Cir.1983); *Bellamy v. Secretary of Health & Human Services*, 755 F2d 1380, 1381 (9th Cir. 1985). Medical improvement, as defined in the regulations, is any decrease in the severity of an impairment present at the time of the most recent favorable decision. 20 C.F.R. § 416.994a(c).

## V. THE ALJ'S DECISION

After the district court's Stipulation and Remand Order, ALJ Verrell Detloff held another hearing and entered his findings on February 17, 2006. Tr. 471. At the time of the second ALJ hearing Plaintiff was 16 and enrolled in high school. Tr. 473. The ALJ found that the SSA record on November 17, 1997, demonstrated that the most recent favorable medical determination of disability was based upon a diagnosis of borderline intellectual functioning. *Id*. Beginning July 1, 2001, Plaintiff experienced medical improvement of his conditions and the ALJ found that Plaintiff's disability ceased July 1, 2001, because the plaintiff no longer met or equaled any listed impairment found in Appendix 1 of the regulations. Tr. 473-474. Moreover, the ALJ found that the plaintiff did not become subsequently disabled, although he had not engaged in substantial gainful activity since the alleged onset under 20 C.F.R. § 416.924(b). Tr. 481. The ALJ found an additional diagnosis of dysthymic disorder to be a severe impairment, but that it, too, "did not meet the listings at §112.04 for a mood disorder." Tr. 477. The ALJ found the record raised questions about the secondary diagnosis of attention deficit hyperactivity disorder

REPORT AND RECOMMENDATION
Page -4-

("ADHD"). Consequently, he concluded the ADHD condition was "non-severe" at step two. *Id*.

At step four, the ALJ concluded that after reviewing each of the six domains, the Plaintiff's impairments did not functionally equal the listings. Tr. 480-482. Moreover, the ALJ found none of Plaintiff's impairments to be an "extreme" limitation in any domain of functioning. Tr. 479-80. He did find that the plaintiff had a "less than marked" limitation in four domains and no limitations in the remaining two domains. Tr. 480-81. Finally, in his enumerated findings, he opined that the plaintiff's subjective complaints were only considered credible to the extent they were supported by the evidence as summarized in his decision. Tr. 482. Accordingly, the ALJ concluded that the plaintiff had not been under a "disability" at any time since his disability was determined to have ceased on July 1, 2001. Tr. 481-82.

## VI. DISCUSSION

The issue of the ALJ's failure to obtain medical expert testimony or a consultative evaluation requires that the court consider whether the ALJ made reasonable efforts to ensure that 1) the complete case was evaluated, and 2) it was evaluated by a qualified individual. The Commissioner argues the ALJ's actions were reasonable. Citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1013 (9th Cir. 2003), the Commissioner argues that the ALJ's review of Plaintiff's longitudinal medical history was a sufficient substitute for obtaining a medical consultative examination. Further, the Commissioner argues that is was reasonable for the ALJ to rely upon two state agency psychologists' reviews of the medical record. Tr. 322-399. The Court disagrees. To the extent that the ALJ's use of a longitudinal history fails to incorporate recent medical records, such reliance is insufficient.

First, obtaining a medical expert was directed by the Appeals Council's remand order. *See supra* Section I. Second, a careful examination of *Howard* finds, "the ALJ 'shall make reasonable efforts' to ensure that a qualified individual 'evaluates the case.'" *Howard*, 341 F.3d at 1013, *citing* 42 U.S.C. § 1382c(a)(3)(1). The *Howard* court's holding required two things: 1) evaluation by a "qualified individual," e.g., a pediatrician or other appropriate expert; and 2) a case evaluation based on the record in its *entirety*. *Id.* at 1014 (emphasis added). The *Howard*

REPORT AND RECOMMENDATION
Page -5-

1 court's interpretation of the statute excludes the ALJ from constructing his or her *own* case
2 evaluation. *Id.* The court further notes that there is a distinction between having an expert
3 evaluate a claimant with respect to that particular expert's specialty, and having an expert
4 evaluate a claimant's case in its entirety, considering all the medical records and determining
5 whether those records indicate that the claimant is disabled within the meaning of the Social
6 Security Act. *Id.* n. 2.

7 Rather than have an independent medical expert evaluate the entire case, it appears the
8 ALJ did exactly what the *Howard* court disavowed, "constructing his own case evaluation from
9 the evidence in the record." 341 F.3d. at 1014. The Appeals Council's directive included the
10 language "if necessary, obtain a medical expert," which allows some exercise of discretion by the
11 ALJ. However, the focal point of the remand was the need to clarify mental diagnoses. Under
12 *Howard,* the ALJ needed a qualified individual, a medical expert, to consider more recent mental
13 health treatment and school records.

14 Plaintiff also points out that the Notice of Hearing indicated that a medical expert
15 would be at the hearing and a specific doctor was requested, yet no one appeared. Tr. 503, 509.
16 Curiously, another medical expert was requested by name prior to the hearing, and again no one
17 appeared. Tr. 513. Plaintiff made an additional request for a medical expert at the hearing, but
18 the request was denied without explanation. Tr. 752-53. Plaintiff's counsel noted for the record
19 his request for a supplemental hearing and a medical expert. Tr. 778.[4] Indeed these facts
20 demonstrate that the ALJ's failure to obtain a medical expert's evaluation effectively, if not
21 repeatedly, ignored the Appeals Council's directive. As a consequence, the ALJ was left to
22 reach his own medical conclusions rather than have the benefit of an independent qualified
23 opinion in the record. *Howard,* at 1014.

24 Finally, the ALJ's longitudinal review did not satisfy "the entire case" requirement under

---

[4] Although Plaintiff urges reversal based upon C.F.R. § 404.979, a reading of it shows it is inapplicable here because it concerns decisions of the Appeals Council, not the ALJ. Plaintiff also argues under *Frey v. Bowen*, 816 F.2d 508 (10th Cir. 1987), that a failure to follow administrative procedures requires reversal and remand. *Frey,* however, refers to the five step sequential process and is thereby distinguishable.

REPORT AND RECOMMENDATION
Page -6-

*Howar*d, although urged by the Commissioner as sufficient. The *Howard* court rejected the ALJ's reliance on the individual evaluation and reports of separate specialists, and found that where no effort was made to evaluate the entire case, there was error. The ALJ's actions in the instant case are indistinguishable from the ALJ's actions rejected in *Howard*. The ALJ's longitudinal review contained the conclusions of state agency psychologists, Drs. Thomas Clifford and Arthur Levy, whose reports agree that there was no evidence of marked or extreme limitation after the comparison point date. Tr. 392-399. However, none of the state agency reports of 2001 were responsive to the specific direction given in the Order of the Appeals Council in 2004 to review all the medical records. Consequently, the "entire case" was not properly reviewed.

## VII.  CONCLUSION

The Court need not reach the other assignments of error given the dispositive nature of the reasons stated above. This Court recommends that the Commissioner's decision be REVERSED, and this matter be REMANDED pursuant to 42 U.S.C. § 405(g). A proposed Order accompanies this Report and Recommendation.

DATED this 8th day of March, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page -7-